1  Ronald Y. Rothstein (admitted *pro hac vice*)
   WINSTON & STRAWN LLP
2  35 W. Wacker Drive
   Chicago, IL 60601-3703
3  Telephone:   (312) 558-5600
   Facsimile:   (312) 558-5700
4
   Rebecca M. Loegering (admitted *pro hac vice*)
5  WINSTON & STRAWN LLP
   2121 N. Pearl St., Suite 900
6  Dallas, TX 75201
   Telephone:   (214) 453-6500
7  Facsimile:   (214) 453-6400

8  Attorneys for Defendant
   UNILEVER UNITED STATES, INC.
9

10                     **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12 | MARGARET MUPRHY, individually and on behalf of those similarly situated, | Case No. 3:22-cv-07468-TLT |
   |---|---|
   | Plaintiff, | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE** |
   | v. | |
   | UNILEVER UNITED STATES INC., | Date:  April 11, 2023 |
   | Defendant. | Time:  2:00pm |
   | | Place: Courtroom 9, 19th Floor |
   | | Judge: Hon. Trina L. Thompson |

1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO TRANSFER
*Murphy v. Unilever United States, Inc.*, No. 3:22-cv-07468-TLT

**REQUEST FOR JUDICIAL NOTICE**

In accordance with Federal Rule of Evidence 201, Defendant Unilever United States, Inc. ("Unilever" or "Defendant") respectfully requests that this Court take judicial notice of the document described below and attached as Exhibit A to this Request for Judicial Notice. Federal Rule of Evidence Rule 201 ("Rule 201") allows a court to take judicial notice of facts that are "not subject to reasonable dispute" either because they are "generally known from within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. at 201(c)(2). Generally, a court may take judicial notice of matters of public record, including court filings, so long as the facts noticed are not subject to reasonable dispute. *See Skilstaf, Inc. v. Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012); *see also Stone v. U.S. Security Assoc., Inc.*, 2015 WL 2438029, at *2 (N.D. Cal. May 21, 2015).

Pursuant to these guidelines, Defendant requests that the Court take judicial notice of the following document:

> Exhibit A: a true and correct copy of PLAINTIFFS LORI OSTENFELD, DEBORAH GESCHWIND, AND JUDY STILLWELL'S AMENDED CLASS ACTION COMPLAINT filed on March 22, 2023, in the Southern District of New York (the "*Ostenfeld* Amended Complaint").

The *Ostenfeld* Amended Complaint was filed in the Consolidated Case pending in the Southern District of New York. At the time of consolidation, the Consolidated Case consisted of three putative class actions: (1) *Skillman v. The Laundress, LLC, et. al.*, Case No. 1:22-cv-10008-JMF, (2) *Ostenfeld v. The Laundress, LLC, and Conopco, Inc., d/b/a Unilever Home & Personal Care USA*, Case No. 1:22-cv-10667-JMF, and (3) *Forbus v. The Laundress LLC and Conopco, Inc., d/b/a Unilever Home & Personal Care USA*, Case No. 1:22-cv-10760-JMF. On January 19, 2023, these three cases were consolidated under the case number associated with the first-filed *Skillman* action (i.e., Case No. 1:22-cv-10008-JMF). Although Plaintiffs *Skillman* and *Forbus* have, since the time of consolidation, voluntarily dismissed their claims, the Consolidated Case remains pending through the *Ostenfeld*

2

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO TRANSFER
*Murphy v. Unilever United States, Inc.*, No. 3:22-cv-07468-TLT

matter. And, by way of the *Ostenfeld* Amended Complaint filed on March 22, 2023, the *Ostenfeld* matter (and thus the Consolidated Case) expanded to include two additional plaintiffs—Deborah Geschwind, a citizen of New York, and Judy Stilwill, a citizen of Nebraska—and raise claims on behalf of a putative nationwide "Economic Injury Class" that are substantially similar to the putative class claims made in this case. *See* Ex. A at p. 33 ¶ 100.

Given that the Consolidated Case remains pending and significantly overlaps with this case, the dismissal of Skillman and Forbus's claims should have no bearing on Defendant's Motion to Transfer Venue or in the Alternative for Stay Pursuant to First-to-File Rule (the "Motion to Transfer").[1] Indeed, each of the first-to-file factors discussed in Defendant's Motion to Transfer (specifically, the chronology of the related cases, the similarity of the parties, and the similarity of the issues) continue to cut in favor of transferring this case to the Southern District of New York to be consolidated with the Consolidated Case. *See* Motion to Transfer. In light of those factors, and considering the substantial overlap between this case and the Consolidated Case, judicial economy will be best served by granting Defendant's Motion to Transfer.

Dated: March 28, 2023　　　　　　　　　　WINSTON & STRAWN LLP

By:　*/s/ Ronald Y. Rothstein*
　　　Ronald Y. Rothstein
　　　Rebecca M. Loegering
　　　Attorneys for Defendant
　　　UNILEVER UNITED STATES, INC.

---

[1] Defendant will provide additional briefing on this point if it would be helpful to the Court.

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO TRANSFER
*Murphy v. Unilever United States, Inc.*, No. 3:22-cv-07468-TLT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March, 2023, a true and correct copy of this Request was filed with the Court via the Electronic Case Filing System, and was served on all counsel of record through the same means.

/s/ Ronald Y. Rothstein
Ronald Y. Rothstein
Attorney for Defendant
UNILEVER UNITED STATES, INC.

4

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO TRANSFER
*Murphy v. Unilever United States, Inc.*, No. 3:22-cv-07468-TLT