UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET MURPHY,<br><br>    Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES INC.,<br><br>    Defendant. | Case No. 22-cv-07468-TLT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Re: ECF No. 23 |

Plaintiff Margaret Murphy ("Plaintiff") brings this proposed putative class action against Defendant Unilever United States, Inc. ("Defendant"), alleging that Defendant's products manufactured by Defendant's subsidiary, The Laundress, LLC (the "Products"), contained or were at risk of containing certain undisclosed "deadly" bacteria. Compl. ¶ 1, ECF No. 1.

Before the Court now is Defendant's motion to transfer this action to the Southern District of New York under the first-to-file rule, or in the alternative, Defendant seeks to stay this action pending resolution of *Skillman, et al. v. The Laundress, LLC, et al.*, Case No. 1:22-cv-10008-JMF (S.D.N.Y.) ("*Skillman*"). *See* Def. ['s] Mot. to Transfer Venue ("Mot."), ECF No. 23.

In its discretion, the Court finds this motion suitable for determination without oral argument. Civ. L.R. 7-1(b). Having carefully considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court hereby **GRANTS** Defendant's motion to transfer venue to the Southern District of New York.[1]

---

[1] Defendant asks this Court to take judicial notice of a copy of the *Skillman* complaint. Def. ['s] RJN, Ex. A, ECF No. 31 ("*Skillman* Compl."). Because a court "may take judicial notice of proceedings in other courts…if those proceedings have a direct relation to matters at issue," the Court **GRANTS** Defendant's request for judicial notice. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (The Court may properly take judicial notice of matters of public record.).

## I. BACKGROUND

On February 21, 2023, Defendant filed this motion seeking to transfer this action to the Southern District of New York. Defendant contends that transfer is appropriate under the first-to-file rule because (1) venue is appropriate in the Southern District of New York, (2) *Skillman* was filed before this case, (3) the parties in this action are substantially similar to those in *Skillman*, and (4) the issues in this action are substantially similar to those in *Skillman*. Mot. 1.

Plaintiff opposes Defendant's motion for the following reasons: (1) venue is not appropriate in the Southern District of New York, (2) *Skillman* was filed one day before this case and "the smallest period of time Defendant cites concerns a three-day gap between filings," (3) the parties in this action are not substantially similar to those in *Skillman*, and (4) the issues in this action are not substantially similar to those in *Skillman*. Pl. ['s] Opp'n to Mot. 2-5, ECF No. 28.

## II. LEGAL STANDARD

The first-to-file rule is a doctrine of federal comity that allows a district court to decline jurisdiction over a subsequently filed action when a similar action is already pending in another district. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011). The rule's purpose is to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. United States Food and Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).

Three factors are analyzed when deciding whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Because disciplined and experienced judges are given ample discretion in deciding to apply the first-to-file rule, *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), a court should thus strive to "maximize 'economy, consistency, and comity.'" *Kohn Law Grp., Inc*., 611 F.2d at 1237-39 (quotation omitted).

### III. DISCUSSION

#### A. Venue is Proper in the Southern District of New York

As a preliminary matter, the Court must determine whether venue is proper in the Southern District of New York. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The Southern District of New York has original subject matter jurisdiction over this action under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. *See* Compl. ¶¶ 140-152. Subject matter jurisdiction also exists over this action under 28 U.S.C. § 1332(d) because "there are more than 100 proposed class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant." *Id.* ¶ 17.

Venue is proper in the Southern District of New York because The Laundress LLC is headquartered in New York. As discussed below, the gravamen of both actions concerns allegations that the Products contained certain undisclosed "deadly" bacteria. *See infra*, Section III.D. The Laundress LLC manufactures the Products, and they are "sold throughout the United States," including New York. *See* Compl. ¶¶ 21-22 ("Millions of units containing toxic bacteria were sold throughout the United States to consumers in all fifty states….").

Plaintiff does not dispute that The Laundress LLC is headquartered in New York and that the Products are manufactured by The Laundress LLC, Defendant's subsidiary. Thus, the Southern District of New York has personal jurisdiction over Defendant and venue is also appropriate in that district. *See* 28 U.S.C. §§ 1391(b)(2), (c)(2).

#### B. Chronology of the Actions

The first factor "simply requires a chronology of the actions." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013). Defendant argues this factor weighs in favor of applying the first-to-file rule because *Skillman* "was filed on November 23, 2022, while the instant action was filed on November 24, 2022." Mot. 5. Plaintiff does not dispute that *Skillman* was filed one day before this case. Opp'n 4. Instead, she argues that "most of the cases cited by Defendant involve long periods of time between the first," and "the smallest period of time Defendant cites concerns a three-day gap between filings." *Id.* at 4-5.

Here, it is undisputed that *Skillman* was filed before this case and is thus the first-filed case. *See Alltrade, Inc.*, 946 F.2d at 624-25 (holding that the first factor "clearly ha[d] been met" because the defendant in the second-filed action "filed its suit [one day] prior to [the plaintiff's]"); *see also Therapy Stores, Inc. v. JGV Apparel Grp.*, LLC, No. 4:16-cv-02588, 2016 WL 4492583, at *4 (N.D. Cal. Aug. 26, 2016) (The first factor "simply requires that the case in question was filed later in time."). As such, the first factor weighs in favor of applying the first-to-file rule.

### C.     Similarity of the Parties

The second factor requires that the parties in both cases be substantially similar, not identical. *Kohn L. Grp., Inc.*, 787 F.3d at 1240. Defendant argues that the parties in *Skillman* are substantially similar to the partiers in this action because Defendant "is the sole defendant in this action and its liability is premised entirely on Plaintiff's claim that [Defendant] is responsible for Products recalled by The Laundress." Mot. 6. Similarly, the two defendants in *Skillman* are Defendant and The Laundress, LCC, and both cases involve plaintiffs who "purport to bring their claims on behalf of themselves and a nearly identical nationwide class of consumers." *Id*; *see also Skillman* Compl. In response, Plaintiff argues that the "only overlap [between the parties in both cases] occurs with the two national classes." Opp'n 4.

In the context of a class action cases, courts in the Ninth Circuit compare "the putative classes rather than the named plaintiffs." *Pedro v. Millennium Prods., Inc.*, No. 15-cv-05253-MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) ("[C]omparison of the putative classes appears to have been implicitly endorsed by the Ninth Circuit") (collecting cases); *see also Ruff v. Del Monte Corp.*, No. C-12-05251 JSW, 2013 WL 1435230, at *3 (N.D. Cal. Apr. 9, 2013) (finding substantial similarity among three putative class actions relating to product labeling)).

Because Plaintiff here and the plaintiffs in *Skillman* seek to represent themselves and nationwide classes against Defendant for Defendant's alleged failure to disclose that the Products manufactured by Defendant's subsidiary, The Laundress, LCC, contained certain deadly bacteria, this second factor weighs in favor of applying the first-to-file rule. Compare Compl. with *Skillman* Compl. Although the parties in both actions are not identical, this second factor requires only that the parties in both cases be substantially similar. *Kohn L. Grp., Inc.*, 787 F.3d at 1240.

**D.     Similarity of the Issues**

Finally, the issues between the two cases must also be substantially similar. *Kohn L. Grp., Inc.*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." *Id.* at 1241 (citing *Harris Cty., Texas. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (5th Cir. 1999)).

Here, Plaintiff concedes that there "is similarity between the cases." Opp'n 5. However, she claims that despite this similarity, "the heart of each case greatly differs." *Id.* Specifically, Plaintiff argues that in "addition to the funds lost by purchasing the [P]roducts, [the] *Skillman* plaintiffs also seek compensation for physical injury and medical monitoring while [Plaintiff]'s case also concerns damages related to damaged clothing, damaged washing machines, and time expended in re-washing clothing." *Id.* In other words, Plaintiff argues that the cases are not substantially similar, in part, because the plaintiffs in each case seek different remedies.

"[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008); Def. ['s] Reply to Opp'n 8, ECF No. 29. Plaintiff's argument that the "only link in damages between the two cases is the funds lost in the purchase of the Products" is unavailing. Opp'n 5. The first-to-file rule applies where "two actions differ only as to the remedy sought" if the underlying legal issues are the same. *See Pacesetter Systems, Inc.*, 678 F.2d at 95-96. In addition, although Plaintiff brings several claims under California state law, "courts time after time have found legal issues to be substantially similar even when, [among other things], the subsequently filed action br[ings] its claims under different state law." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021). Accordingly, because Plaintiff concedes that there "is similarity between the cases" and the gravamen of both actions concerns allegations that the Products contained or were at risk of containing certain undisclosed "deadly" bacteria, the Court finds this third factor also weighs in favor of applying the first-to-file rule.

**IV.    CONCLUSION**

For the above reasons, Defendant's motion to transfer is **GRANTED**. The Clerk of Court shall transfer this case to the United States District Court for the Southern District of New York.

1     **IT IS SO ORDERED.**

2     Dated: April 4, 2023

_____
TRINA L. THOMPSON
United States District Judge
